UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. _____

DANGER GONZALEZ, and other similarly )
situated individuals, )
  )
        Plaintiffs, )
  )
v. )
  )
SUNRISE TRANSPORTATION, INC., )
JORGE RODRIGUEZ and KENIA )
RODRIGUEZ, )
  )
        Defendants. )
_____)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, DANGER GONZALEZ ("Plaintiff"), and other similarly situated individuals, sue the Defendants, SUNRISE TRANSPORTATION, INC., JORGE RODRIGUEZ, and KENIA RODRIGUEZ (collectively the "Defendants") and allege:

**JURISDICTION**

1.  This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**VENUE**

2.  Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  SUNRISE TRANSPORTATION, INC. (the "Corporate Defendant") and JORGE RODRIGUEZ and KENIA RODRIGUEZ (the "Individual Defendants"), are a Florida company

and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade, Florida.

### COUNT I: GONZALEZ - WAGE AND HOUR VIOLATION BY SUNRISE TRANSPORTATION, INC. (OVERTIME)

4. Plaintiff, DANGER GONZALEZ ("GONZALEZ") re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by GONZALEZ and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or GONZALEZ and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or GONZALEZ and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a Patient Transportation Company and, through its business activity, affects interstate commerce. GONZALEZ's work for the Corporate Defendant likewise affects interstate commerce. GONZALEZ was employed by the Corporate Defendant as a driver for the Corporate Defendant's business.

8. While employed by the Corporate Defendant, GONZALEZ worked approximately an average of 72 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. GONZALEZ was employed as a driver performing the same or similar duties as that of those other similarly situated drivers whom GONZALEZ observed working in excess of 40 hours per week without overtime compensation.

9. GONZALEZ worked for the Corporate Defendant from approximately February of 2012 until July 8, 2016. In total, Plaintiff worked approximately 154 compensable weeks

under the Act, or 154 compensable weeks if we count 3 years back from the filing of the instant action.

10. The Corporate Defendant paid GONZALEZ on average approximately $100 - $120 per day or $690 per week.

11. However, the Corporate Defendant did not properly compensate GONZALEZ for hours that GONZALEZ worked in excess of 40 per week.

12. GONZALEZ seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

13. Prior to the completion of discovery and to the best of GONZALEZ's knowledge, at the time of the filing of this Complaint, GONZALEZ's good faith estimate of unpaid overtime wages is as follows:

    a. **Actual Damages:** $23,613.33

        i. <u>Calculation</u>: $690/72 = $9.58 (hourly pay) x .5 (overtime rate) x 32 (approximate number of overtime hours) x 154 (compensable weeks) = $23,613.33.

    b. **Liquidated Damages:** $23,613.33

    c. **Total Damages: $47,226.66** plus reasonable attorneys' fees and costs of suit.

14. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that GONZALEZ and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid

employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

15. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing GONZALEZ and those similarly situated these overtime wages since the commencement of GONZALEZ's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and GONZALEZ and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16. The Corporate Defendant willfully and intentionally refused to pay GONZALEZ overtime wages as required by the laws of the United States as set forth above and remains owing GONZALEZ these overtime wages since the commencement of GONZALEZ's employment with the Corporate Defendant as set forth above.

17. GONZALEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, GONZALEZ and those similarly situated request that this Honorable Court:

A. Enter judgment for GONZALEZ and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award GONZALEZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award GONZALEZ an equal amount in double damages/liquidated damages; and

D. Award GONZALEZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### JURY DEMAND

GONZALEZ and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT II: GONZALEZ - WAGE AND HOUR VIOLATION BY JORGE RODRIGUEZ and KENIA RODRIGUEZ (OVERTIME)

18. GONZALEZ re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers of the Corporate Defendant. The Individual Defendants were employers of GONZALEZ and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including GONZALEZ and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided GONZALEZ with his work schedule, and is jointly liable for GONZALEZ's damages.

20. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

21. The Individual Defendants willfully and intentionally caused GONZALEZ not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing GONZALEZ these overtime wages since the commencement of GONZALEZ's employment with the Corporate Defendant as set forth above.

22. GONZALEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, GONZALEZ and those similarly situated request that this Honorable Court:

A. Enter judgment for GONZALEZ and others similarly situated and against the Individual Defendants on the basis of these Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award GONZALEZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award GONZALEZ an equal amount in double damages/liquidated damages; and

D. Award GONZALEZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

GONZALEZ and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: FEDERAL (FLSA) STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE

23. GONZALEZ re-adopts each and every factual allegation as stated in paragraphs 1 through 22 above as if set out in full herein.

24. The Defendants, JORGE RODRIGUEZ and SUNRISE TRANSPORTATION, INC. (the "retaliation defendants"), willfully and intentionally refused to pay GONZALEZ his legally owed wages as required by the laws of the United States and remain owing GONZALEZ these wages as set forth above.

25. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or ***related to this chapter***, or has testified or is about to testify in such proceeding . . . ." (emphasis added)

26. Shortly before July 8, 2016, Plaintiff approached he retaliation defendants and complained that he needed to get paid overtime for hours worked over forty per week.

27. In response, the retaliation defendants fired Plaintiff.

28. The motivating factor, which caused Plaintiff's termination as described above, was his demand or complaint seeking the payment of overtime wages from these Defendants.

29. The retaliation defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, GONZALEZ, requests that this Honorable Court:

A. Enter a judgment against the retaliation defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the retaliation defendants from discriminating in the manner described above, emotional distress and

humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

Dated: 08/22/2016.

Respectfully submitted,

By:   /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email:  ed@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549